IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| BOBBY WILLIAMS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-09-CV-0275-P |
| CITY OF DALLAS POLICE DEPARTMENT, ET AL. | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* prisoner civil rights action brought by Bobby Williams, a pretrial detainee, against the Dallas Police Department, the Dallas County Sheriff's Department, the Lew Sterrett Justice Center, and various police officers, prosecutors, grand jurors, judges, and a private attorney involved in different aspects of his pending criminal case. On February 11, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court then sent written interrogatories to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on

March 6, 2009. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial for aggravated assault with a deadly weapon. In his complaint and interrogatory answers, plaintiff alleges that the charge against him is the result of a conspiracy among the defendants to prosecute him without probable cause or sufficient evidence. The participants in the conspiracy include: (1) Dallas police officers J.A. Mismash, Harris, and Hernandez, as well as an unknown police detective; (2) Dallas County District Attorney Craig Watkins and an unknown prosecutor who "masterminded" the conspiracy; (3) Dallas County Sheriff Lupe Valdez; (4) members of the grand jury that indicted him; (5) state district judge Carter Thompson and an unknown magistrate judge who issued the arrest warrant and presided over his examining trial; and (6) Paul Rosemergy, his court-appointed lawyer. (*See* Mag. J. Interrog. #8). Plaintiff also sues the Dallas Police Department, the Dallas County Sheriff's Department, and the Lew Sterrett Justice Center. By this suit, plaintiff seeks more than $2.5 million in damages, an injunction to stop the state criminal proceeding, and other equitable relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

  (1) is frivolous or malicious;

  (2) fails to state a claim on which relief may be granted; or

  (3) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim on which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*, 127 S.Ct. at 1965. While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Id.* at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *cert. denied*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against the Dallas Police Department, the Dallas County Sheriff's Department, or the Lew Sterrett Justice Center. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas Police Department, nor the Dallas County Sheriff's Department, nor the Lew Sterrett Justice Center is a separate legal entity having jural authority. *See, e.g. Johnson v. Dallas City Police Dept.*, No. 3-04-CV-1578-B, 2004 WL 2964968 at *2 (N.D. Tex. Dec. 15, 2004), *rec. adopted*, 2005 WL 119467 (N.D. Tex. Jan. 18, 2005) (Dallas Police Department not a proper defendant with jural existence); *Jackson v. Dallas County Sheriff's Dept.*, No. 3-08-CV-1441-N, 2009 WL 137034 at *2 (N.D. Tex. Jan. 16, 2009) (same as to Dallas County Sheriff's Department); *Searcy v. Cooper*, No. 3-01-CV-0112-D, 2001 WL 435071 at *3 (N.D. Tex. Apr. 20, 2001), *appeal dism'd*, No. 02-11031 (5th Cir. Nov. 18, 2002) (same as to Lew Sterrett Justice Center). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

Nor can plaintiff sue the grand jurors, prosecutors, judges, or his court-appointed lawyer. Grand jurors, prosecutors, and judges have absolute immunity for actions taken within the scope of their jurisdiction. *See, e.g. Walker v. Skeen*, 31 Fed.Appx. 155, 2001 WL 1748354 at *1 (5th Cir. Dec. 12, 2001) (grand jurors); *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976) (prosecutors); *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978) (judges). Private attorneys appointed by the court are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). The claims against these defendants should be summarily dismissed.

D.

With respect to the remaining defendants, plaintiff's claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* holds that a state prisoner cannot bring a section 1983 action directly challenging his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372. *See also Thomas v. Pugh*, 9 Fed.Appx. 370, 372, 2001 WL 522437 at *1 (6th Cir. May 9, 2001) *(Heck* applies to suits filed by pretrial detainees). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity" of the state criminal proceeding. *Heck*, 114 S.Ct. at 2372. If so, the claim is barred. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiff's complaint is that defendants conspired to have him arrested and prosecuted on false charges that he assaulted someone with a deadly weapon. (*See* Plf. Compl. at 3; Mag. J. Interrog. #6 & 8). In furtherance of this conspiracy, plaintiff alleges, *inter alia*, that: (1) the police officers falsified their reports; (2) the magistrate judge issued an arrest warrant without probable cause and violated his rights during the examining trial; (3) the presiding judge has refused to release him despite a lack of credible evidence; (4) the prosecutor knowingly presented false evidence to the grand jury; (5) the grand jury indicted him based on false evidence; (6) the sheriff has kept him confined on an unlawful indictment; and (7) he has received ineffective assistance of counsel. (*Id.*). Such claims necessarily imply the invalidity of the pending criminal case, which has never been declared invalid by a state tribunal or federal court. (*See* Mag. J. Interrog. #1, 4(d), 5). Plaintiff is therefore precluded from maintaining a civil rights action under 42 U.S.C. § 1983. *See, e.g. Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003), *cert. denied*, 125 S.Ct. 31 (2004) (civil rights claim based on manufactured evidence and perjured testimony does not accrue until state court dismisses underlying criminal action); *Berry v. Grett*, No. 3-08-CV-1052-M, 2008 WL 3382572 at *3 (N.D. Tex. Aug. 4, 2008) (claims that plaintiff received ineffective assistance of counsel and was falsely arrested, that prosecutor withheld favorable evidence, and that judge was biased all barred by *Heck*); *Sanford v. Hill*, No. 3-06-CV-2158-M, 2007 WL 646245 at *2 (N.D. Tex. Mar. 2, 2007) (same as to claims against district attorney and sheriff for malicious prosecution and false imprisonment arising out of pending criminal case); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).[1]

---

[1] To the extent plaintiff challenges his pretrial incarceration, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, a search of Dallas County records reveals that plaintiff has never filed an Article 11.07 writ of habeas corpus in his

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 13, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

aggravated assault case. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Hamilton v. Dretke*, No. 3-04-CV-2465-L, 2005 WL 38977 at *1 (N.D. Tex. Jan. 6, 2005), *rec. adopted*, 2005 WL 256472 (N.D. Tex. Jan. 31, 2005) (pretrial detainee in Texas must present claims to Texas Court of Criminal Appeals before seeking federal habeas relief).